IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NINA SHAHIN, | § | |
| | § | No. 425, 2018 |
| Appellant Below, | § | |
| Appellant, | § | Court Below:  Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | C.A. No. K17A-12-004 |
| DOVER POLICE OFFICER DALE | § | |
| BONEY, | § | |
| | § | |
| Appellee Below, | § | |
| Appellee. | § | |

Submitted: December 28, 2018
Decided:    February 26, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

**O R D E R**

Upon review of the parties' briefs, the Superior Court record, and the record from the Court of Common Pleas, it appears to the Court that:

(1)    The appellant, Nina Shahin, filed a complaint in the Court of Common Pleas against Dover Police Officer Dale Boney and State Farm Mutual Insurance Company ("State Farm").  The complaint arose out of a traffic ticket that Shahin received from Officer Boney when Shahin was involved in a minor traffic accident in the parking lot of a grocery store in Dover.  Shahin claimed that Officer Boney gave her the ticket when the circumstances of the accident warranted the other party to the accident receiving the ticket.  Shahin also alleged that Officer Boney

fabricated the police report, which caused State Farm to deny Shahin's claim for reimbursement for damages caused to her vehicle in the accident.

(2) By order dated April 13, 2016, the Court of Common Pleas dismissed Shahin's complaint against Officer Boney after finding that Officer Boney was immune from liability under the County and Municipal Tort Claims Act.[1] By order dated July 19, 2016, the Court of Common Pleas denied Shahin's motion to alter or amend the April 13, 2016 judgment.[2]

(3) Following the dismissal of the complaint against Officer Boney, Shahin and State Farm filed cross-motions for summary judgment. The Court of Common Pleas denied Shahin's motion and granted summary judgment to State Farm. The court then denied Shahin's motion for reargument of the order granting summary judgment to State Farm and Shahin's motion for relief from the denial of the motion for reargument.

(4) Shahin appealed to the Superior Court. By order dated June 6, 2018, the Superior Court affirmed the judgment of the Court of Common Pleas.[3] The court also denied Shahin's motion for reconsideration of the June 6, 2018 order.

(5) On appeal in this Court, Shahin challenges the Court of Common Pleas' dismissal of her complaint against Officer Boney. We apply the same standard of

---

[1] 2016 WL 3152575 (Del. Com. Pl. April 13, 2016).
[2] 2016 WL 5660318 (Del. Com. Pl. July 19, 2016).
[3] 2018 WL 2733372 (Del. Super. June 6, 2018).

2

review as the Superior Court and review independently the underlying decision of the Court of Common Pleas.[4]

(6)     Upon *de novo* review, we find no error in the Court of Common Pleas' dismissal of the complaint against Officer Boney for failure to state a claim, and we find no error in the Court of Common Pleas' denial of Shahin's motion to alter or amend the judgment.  Shahin's complaint did not allege that Officer Boney caused personal injury, property damage, or death.  For that reason, Officer Boney was immune from liability under the County and Municipal Tort Claims Act.[5]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[4] *Hicklin v. Onyx Acceptance Corp.*, 970 A.2d 244, 248 (Del. 2009).
[5] 10 *Del. C.* § 4011(c) (Supp. 2019).